IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION 2015 MAR -6  P 2: 35

| | | |
|---|---|---|
| STERLING BANK, a division of Synovus Bank, a national banking association, | ) ) ) ) | DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 2:15-cv-152 |
| CAESAREA-MILLBROOK, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

---

## NOTICE OF REMOVAL

---

COME NOW defendants Joseph L. Herrod ("Herrod") and Ceasarea Development, LLP ("CD") and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the action styled *Sterling Bank v. Caesarea-Millbrook, LLC, et al.*, Case No.: 03-CV-2015-000073, from the Circuit Court of Montgomery County, Alabama.  In support hereof, Herrod and CD state as follows:

### BACKGROUND FACTS

A.  __The interpleader filed by Sterling Bank in state court.__

1.     This interpleader action (the "Interpleader") was filed on February 4,

2015 in the Circuit Court of Montgomery County, Alabama by Sterling Bank (the "Bank"). The Bank named Caesarea-Millbrook, LLC ("Millbrook"), Caesarea-Chantilly, LLC ("Chantilly"), CD, Jackson Health, Inc. ("JHI"), Herrod, Donald P. Brobst ("Brobst"), A. Chandler Muller ("Muller"), and C. Dennis Wooldridge ("Wooldridge") as the purported claimants to the funds deposited with the court.

2.      The funds interpleaded with the state court included all the cash in the Bank accounts of Millbrook and Chantilly.

3.      Herrod and CD agreed to accept service of the Interpleader through their counsel. But, despite this agreement, the Bank attempted to serve them via certified mail.

4.      CD's agent for service of process was served by certified mail on February 10, 2015. Herrod has yet to be officially served. *See* <u>Alabama SJIS Case Action Summary</u>.[1]

5.      Counsel for Herrod and CD received a courtesy copy of the Intepleader (without a summons) via electronic mail from the Bank's counsel on February 6, 2015. Although no summons was provided, Herrod is not disputing this attempted service via electronic mail.

---

[1] A copy of the Alabama State Judicial Information System "Case Action Summary" for Case No.: 03-CV-2015-000073, Montgomery County, Alabama is attached hereto as Exhibit A.

6.      This removal is being filed within 30 days from the earliest date upon which Herrod and/or CD *may* have been served as required by 28 U.S.C. § 1446(b) (*i.e.*, within 30 days from February 6, 2015).

**B.      The parties involved in the Interpleader.**

7.      The Bank is a national banking association with its primary place of business in Columbus, Georgia.  As discussed below, it is a nominal party to this action.

8.      JHI is an Alabama corporation.  Interpleader at p. 1.

9.      Brobst, Muller and Wooldridge are individual residents of the State of Alabama.  They live and/or work within Montgomery County, Alabama.  Declaration of Herrod at ¶ 8.[2]

10.     CD is a Delaware limited liability partnership whose partners are Herrod and Reynold Yordy ("Yordy").  Interpleader at p. 1; Herrod at ¶ 3.  CD has no claim of ownership in Millbrook or Chantilly, and should not be a party to this action.  However, if this Court considers CD as a proper party to this dispute, then its interests align with those of Herrod and the presence of CD in this action does not defeat diversity jurisdiction.

---

[2] The Declaration of Joseph Herrod is attached hereto as Exhibit B, and shall be referred to herein as "Herrod."

3

11.     Herrod is an individual resident of the State of Florida and Yordy is an individual resident of the State of Tennessee.  Herrod at ¶¶ 4-5.

12.     Millbrook and Chantilly are Alabama limited liability companies whose purported members are JHI, Brobst, Muller, Wooldridge and Herrod.[3]  Herrod at ¶ 9. These entities are also nominal parties to this action.

C.     **The real dispute involved in the Interpleader.**

13.     The Interpleader involves the payment into court by the Bank of the contents of the accounts of Millbrook and Chantilly with the Bank.  Interpleader at ¶ 1.

14.     Other than Millbrook and Chantilly, the named claimants are those parties the Bank believes to be "the current members or partners or entities having ownership or controlling interests in" Millbrook or Chantilly.  Interpleader at ¶ 1.

15.     The Bank claims it interpleaded the funds because of a dispute between the members "relating to control over the accounts of and funds belonging to" Millbrook and Chantilly.  Interpleader at ¶ 3.

16.     This dispute between the parties arose as a result of the attempts by JHI, Brobst, Muller and Wooldridge to remove Herrod as manager of Millbrook and

---

[3] As will be shown in further litigation, the true members are JHI, Brobst and Herrod. Neither Muller nor Wooldridge actually paid the required value for their ownership interests in Millbrook and Chantilly.  Herrod at ¶ 10.  Removal is not affected by this issue.

Chantilly.  Herrod at ¶ 11.

17.  After voting to remove Herrod as manager of Millbrook and Chantilly, JHI, Brobst, Muller, and Wooldridge contacted the Bank in an effort to remove Herrod from control of the Millbrook and Chantilly accounts at the Bank, and have JHI, Brobst, Muller and/or Wooldridge named as signatories to those accounts. Herrod at ¶ 12.

## LEGAL ARGUMENT

18.  Removal is proper pursuant to 28 U.S.C. § 1441(a) because the jurisdictional requirements of 28 U.S.C. § 1332(a) are met.

19.  In considering the exercise of jurisdiction, the first step of the analysis is to "determine the primary issue in controversy.  Next the court should align the parties according to their positions with respect to the primary issue."[4] *Hidey v. Waste Systems International, Inc.*, 59 F. Supp. 2d 543, 545 (D. Md. 1999) (quoting *United*

---

[4] According to the United States District Court for the Middle District of Tennessee, the "primary dispute" test is applied by the Third, Fourth, Fifth and Ninth Circuits, while the Second, Seventh, Eighth and Tenth Circuits apply a "substantial" dispute test in which "realignment is improper if there is any substantial conflict between the opposing parties." *See Tune, Entriken & White, P.C. v. Magid*, 220 F. Supp. 2d 887, 889 n.1 (M.D. Tenn. 2002).  This Court (Albritton, J.) has previously noted that the Eleventh Circuit appears to follow the "primary purpose" test. *See Boland v. State Auto. Mut. Ins. Co.*, 144 F. Supp. 2d 1282, 1285 (M.D. Ala. 2001) (Albritton, J.) (citing *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547 (11th Cir. 1984) and *Indemnity Ins. Co. of North America v. First National Bank Winter Park, Fla.*, 351 F.2d 519, 522 (5th Cir. 1965)). Because the Bank is merely a nominal party with no substantial conflict with any of the defendants, the realignment requested herein would be proper under either test. *See Tune, Entriken & White*, 220 F. Supp. 2d at 889 and *Boland*, 144 F. Supp. 2d at 1285.

*States Fidelity & Guaranty Co. v. A&S Mfg., Co.*, 48 F.3d 131, 133 (4th Cir. 1995); *see also City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941) ("It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute.") (internal punctuation omitted); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012) (holding that the district courts are required "to determine the principle purpose of the suit and the primary and controlling matter in dispute and align the parties accordingly."); *see also Farmers Bank & Trust Co. v. Ameris of Arkansas, LLC*, 2010 WL 4269192 at *3 (E.D. Ark. 2010) (citing Wright, Miller & Kane, Federal Practice and Procedure § 3607) ("a federal court must realign the parties according to their sides in the dispute."); *Tune, Entriken & White, P.C. v. Magid*, 220 F. Supp. 2d 887, 889 (M.D. Tenn. 2002) ("misaligned parties must be realigned by the federal court in accordance with their actual interests before determining diversity and propriety of removal. Thus, the federal court is not bound by the technical form of the state proceedings.").

20.    The primary issue in controversy in this case is which party (or parties) is (are) entitled to control of the interpleaded funds.

## A.    Identifying the real parties in interest.

21.    The interpleaded funds "belong" to Millbrook and Chantilly, as the

accounts are in the names of those entities. However, the real parties in interest are not Millbrook and Chantilly. Those entities actually have no interest in the outcome of the dispute. Regardless of the outcome, the interpleaded funds belong to the two entities.

22.    Instead, the real parties in interest are those parties vying for control of (a) the interpleaded funds *and* (b) the entities. These parties are JHI, Brobst, Muller and Wooldridge, and Herrod.

23.    JHI, Brobst, Muller and Wooldridge contend it is they who should have control of the entities and funds. They are opposed in their efforts to oust Herrod and take control of Millbrook and Chantilly by Herrod.[5] Herrod at ¶¶ 12-13. Accordingly, JHI, Brobst, Muller and Wooldridge should be realigned opposite Herrod in this dispute. *City of Vestavia Hills*, 676 F.3d at 1314 (district courts are required "to determine the principle purpose of the suit and the primary and controlling matter in dispute and align the parties accordingly."); *United States Fid. & Guar. Co. v. Algernon-Blair, Inc.*, 705 F. Supp. 1507, 1511 (M.D. Ala. 1988) (quoting *Weller v. Navigator Marine Inc.*, 737 F.2d 1547, 1548 (11th Cir. 1984) (per curiam), in turn quoting *Indemnity Insurance Co. v. First National Bank*, 351 F.2d 519, 522 (5th Cir.

---

[5] CD has a direct contractual relationship with both Millbrook and Chantilly. As will be addressed later in this action, CD has breach of contract claims against these entities (and, potentially, other claims). However, CD does not assert a claim of ownership of Millbrook or Chantilly.

7

1965)) ("the appropriate test in this circuit to determine whether parties are properly aligned as opposing parties in a lawsuit is 'whether there is an actual or substantial controversy' between them. 'We look to the true interest of the parties and the positions asserted by them before the ... court in making this determination.'"); *see Ameris of Arkansas, LLC*, 2010 WL 4269192 at \*3 ("Alignment is proper when parties with the same ultimate interests in the outcome of the action are on the same side of the litigation."); *Hidey*, 59 F. Supp. 2d at 545-46 (citing *Alling v. C.D. Cairns Irrevocable Trusts Partnership*, 889 F.Supp. 768, 770 (D. Vt. 1995)) (holding that defendants in interpleader realigned as having competing legal interests for purposes of diversity analysis).

24.    Millbrook and Chantilly are merely nominal parties with no interest in the outcome of the proceedings. *See Amerisure Ins. Co. v. Orange and Blue Const., Inc.*, 545 Fed. Appx. 851, 854 (11th Cir. 2013) (quoting *Broyles v. Bayless*, 878 F.2d 1400, 1403 (11th Cir. 1989)) ("for purposes of diversity jurisdiction, 'a real party in interest is a party that has a real and substantial stake in the litigation and who exercises *substantial control* over the litigation.'") (emphasis in original). Millbrook and Chantilly have no real stake in the litigation, nor any control of the litigation, because the issue in the litigation is the party (or parties) entitled to control those entities.

25.     Nominal parties, such as Millbrook and Chantilly, should not be considered in the diversity jurisdiction analysis. *See Amerisure Ins. Co.*, 545 Fed. Appx. at 854 (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("federal courts 'must disregard nominal or form parties and rest jurisdiction only upon the citizenship of real parties in interest.'"); *Toole v. Chupp*, 456 F. Supp. 2d 1218, 1219 (M.D. Ala. 2006) (same); *Ohio Cas. Ins. Co. v. RLI Ins. Co.*, 2005 WL 2574150 at *3 (M.D. N.C. 2005) (same).

26.     The Bank was merely the depository for the funds, making it a nominal party with no interest in the outcome of the litigation. <u>Herrod</u> at ¶ 14. Because it is a nominal party, the citizenship of the Bank should not be considered in the diversity jurisdiction analysis. *Tune, Entriken & White, P.C.*, 220 F. Supp. 2d at 889 (citing *Alling*, 889 F. Supp. at 770); *Hidey*, 59 F. Supp. 2d at 546 (citing *SL&B Optical Ctrs., Inc.*, 905 F. Supp. 267, 270-71 (D. Md. 1995)); *see also Amerisure Ins. Co.*, 545 Fed. Appx. at 854; *Toole*, 456 F. Supp. 2d at 1219; *Ohio Cas. Ins. Co.*, 2005 WL 2574150 at *3.

27.     "[T]he citizenship of defendants sued under fictitious names shall be disregarded" for the purposes of removal. 28 U.S.C. § 1441(b)(1).

28.     Accordingly, the proper alignment in this case should include JHI, Brobst, Muller and Wooldridge on one side, and Herrod (and, potentially, CD) on the

9

other.

**B.      Herrod should be aligned as a party-defendant.**

29.     The next step is determining which parties should be the plaintiffs and which parties should be the defendants. This step is necessary because Herrod may remove the case only if deemed to be a defendant in this action. *See* 28 U.S.C. § 1441(a).[6]

30.     There is a split of authority as to how the parties should be aligned in this situation. Some district courts have held that removal statutes should be strictly construed and, therefore, those courts refuse to align the parties in a manner to allow for removal. *See Tune, Entriken & White*, 220 F. Supp. 2d at 890-92 (choosing not to realign the parties and citing four unreported cases coming to a similar conclusion).

31.     Other district courts apply a more practical, and fair, approach to the issue. Those courts choose to realign the parties "so that their rights are the same as they would have been had they not been artificially aligned as co-defendants in the interpleader action." *Hidey*, 59 F. Supp. 2d at 544; *see also Ameris of Arkansas, LLC*, 2010 WL 4269192 at *3 (stating that this rule "is substantially fairer, both in the abstract and as applied in this case" than simply refusing to realign the parties: "To

---

[6] Although CD has no claim of ownership of Millbrook or Chantilly, and should not be named as a party to the underlying Interpleader, if this Court considers it in the diversity analysis, then its interests are equivalent to Herrod, who is a 99% owner of CD, and its presence does not destroy diversity (since it is a citizen of Florida and Tennessee, not Alabama).

deny ... access to a federal forum based on a procedural accident places form over substance."); *Ohio Cas. Ins. Co.*, 2005 WL 2574150 at *4 (listing additional cases utilizing this method).[7]

32.    In this case, had the parties not been aligned as co-defendants by the Bank in the Interpleader, Herrod (as a Florida resident) would have had the option of seeking relief against JHI, Brobst, Muller and Wooldridge (all Alabama residents) in federal court under this Court's diversity jurisdiction.  Or, if an action was filed in state court by JHI, Brobst, Muller and Wooldridge, then Herrod would have had the option to remove the case to federal court.  Accordingly, fairness dictates that Herrod be realigned as the defendant in this action. *See Ameris of Arkansas, LLC*, 2010 WL 4269192 at *3; *Hidey*, 59 F. Supp. 2d at 544.

33.    For judicial economy, as well as fundamental fairness, this Court should elect to follow those district courts that choose to realign the parties in an interpleader action as in *Ameris of Arkansas, LLC, Ohio Cas. Ins. Co.* (and its cited cases), and *Hidey*.  Because the Interpleader filed by the Bank was the result of actions taken by JHI, Brobst, Muller and Wooldridge, those parties should be aligned as plaintiffs, thereby making Herrod a defendant.

---

[7] The additional cases cited by the *Ohio Cas. Ins. Co.* court include: *Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 246 F. Supp. 2d 535 (S.D. Miss. 2003); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236 (D. Kan. 2001); and *Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336 (N.D. Ga. 2000).

34.     For diversity purposes, JHI, Brobst, Muller and Wooldridge are citizens of Alabama.  Herrod is a citizen of Florida.  Accordingly, the parties are diverse and the case may be removed to this Court by Herrod.

**C.     The amount in controversy is met.**

35.     The amount in controversy is $1,250,403.71, which exceeds $75,000. Interpleader at ¶ 6.

**D.     This Court is the correct forum for removal.**

36.     The United States District Court for the Middle District of Alabama, Northern Division, is the district and division having jurisdiction over the Circuit Court of Montgomery County, Alabama, which is the location where the subject civil action was originally filed.

**E.     All other requirements for removal are met.**

37.     Herrod (and CD, if necessary) consents to removal.  Herrod at ¶ 15.

38.     No consent is required from the realigned or nominal defendants.  *See Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336 (N.D. Ga. 2000) (consent by realigned party not required); *Ohio Cas. Ins. Co.*, 2005 WL 2574150 at *4 (citing *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236 (D. Kan. 2001) and *Premier Holidays Int'l*) ("If a defendant is disregarded or is realigned for jurisdictional purposes, that defendant need not consent to removal, and the Court will

evaluate jurisdiction based on the positions of the parties after the realignment.").

39.     All of the elements for removal pursuant to diversity jurisdiction are met here after the correct realignment.

40.     The Complaint, Summonses and Returns of Service, attached hereto as Exhibit C, constitute all of the process and pleadings filed in the subject civil action, including all those materials served upon Herrod and CD, as required by 28 U.S.C. § 1446(a).

41.     All fees required by law in connection with this Notice of Removal have been paid by Herrod and CD.

42.     A copy of this Notice of Removal will be filed with the Circuit Court of Montgomery County, Alabama and served upon the other parties to that action, as required by 28 U.S.C. § 1446(d).

## **CONCLUSION**

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Herrod (and CD) hereby remove the above-captioned action originally filed in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama.

13

BRUCE F. ROGERS (ROG010)
JOHN W. CLARK IV (CLA087)

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive (35223)
Post Office Box 530886
Birmingham, Alabama 35253
Telephone:  205-879-1100
Facsimile:   205-879-4300
Email:        brogers@bainbridgemims.com
                   jclark@bainbridgemims.com

**Attorneys for defendants Joseph L. Herrod
and Caesarea Development, LLP**

14

## CERTIFICATE OF SERVICE

It is hereby certified that, on ___March 6, 2015___, a true and correct copy of this pleading has been served upon the following parties via the CM/ECF electronic filing system and/or electronic mail:

Dennis R. Bailey
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
drb@rushtonstakely.com

John W. Weiss
Robert E.L. Gilpin
Simeon F. Penton
GILPIN GIVHAN
Post Office Drawer 4540
Montgomery, Alabama 36103-4540
jweiss@gilpingivhan.com
rgilpin@gilpingivhan.com
spenton@gilpingivhan.com

Of Counsel