**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| STERLING BANK, | ) | |
| | ) | |
| Interpleader, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:15CV152-WHA |
| | ) | |
| CAESAREA-MILLBROOK, LLC; an | ) | (wo) |
| Alabama limited liability company; | ) | |
| CAESAREA-CHANTILLY, LLC, an | ) | |
| Alabama limited liability company; | ) | |
| CAESESERA DEVELOPMENT, LLP, a | ) | |
| Delaware limited partnership; JACKSON | ) | |
| HEALTH, INC., an Alabama corporation; | ) | |
| JOSEPH L. HERROD,  an individual; | ) | |
| DONALD P. BROBST, an individual; C. | ) | |
| DENNIS WOOLDRIDGE, an individual; | ) | |
| A.CHANDLER MULLER, an individual; | ) | |
| etc., | ) | |
| Claimants. | ) | |

MEMORANDUM OPINION AND ORDER

This cause is before the court on a Motion to Realign and Add Additional Parties filed by

Caesarea Development, LLP and Joseph L. Herrod (Doc. #3).

I.      FACTS AND PROCEDURAL HISTORY

This case was originally filed as an interpleader action in state court by Sterling Bank.

Sterling Bank alleged that it had been made aware of a dispute among the claimants relating to

control over the bank accounts of Caesarea Millbrook, LLC and Caesarea-Chantilly, LLC.

Sterling Bank deposited into court the funds from the accounts, asked the state court to require

the claimants to assert their claims and to determine their rights to the money in those accounts,

asked to be discharged from all liability in the premises, and asked for reimbursement of

attorneys' fees and costs of suit.  Sterling Bank named the following as Defendants:  Caesarea-

Millbrook, LLC; Caesarea-Chantilly, LLC; Caesesera Development, LLP; Jackson Health, Inc.; Joseph L. Herrod; Donald P. Brobst; C. Dennis Wooldridge; A. Chandler Muller; and fictitious Defendants.

The case was removed to this court on the basis of diversity jurisdiction by Defendants Joseph L. Herrod ("Herrod") and Ceasarea Development, LLP ("CD") on March 6, 2015.  The Notice of Removal recites that Sterling Bank is a national banking association with its primary place of business in Columbus, Georgia.  The Notice of Removal also states that CD is a Delaware limited liability partnership whose partners are "residents" of Florida and Tennessee and that Herrod is a "resident" of Florida.  Defendants Donald Brobst ("Brobst"), A. Chandler Muller ("Muller"), and Dennis Wooldridge ("Wooldridge") are identified as "residents" of Alabama, and Jackson Health, Inc. as an Alabama corporation. (Doc. #1).  In the Notice of Removal, Herrod and CD ask the court to realign the parties for removal purposes.

After removal, CD and Herrod filed an Answer which included claims designated as "Cross-Claims/Third-Party Claims" against  originally-named Defendants Brobst, Jackson Health, Muller, and Wooldridge, and claims designated as "Cross-Claims/Third-Party claims" against new parties Jackson Hospital & Clinic, Inc. and Primary Physicians, Inc. f/k/a PriMed Physicians, Inc. (Doc. #2).  CD and Herrod seek compensatory and punitive damages arising from alleged breaches of contract and torts arising from a business relationship.

CD and Herrod filed the instant Motion to Realign and Add Additional Parties on March 25, 2105.  In the Motion, CD and Herrod ask the court to realign the parties upon the release of interpleader Sterling Bank; specifically, to realign CD and Herrod as Defendants, and to realign all other parties as Plaintiffs.  CD and Herrod also ask the court to change the claims brought against Jackson Hospital and Primary Physicians, Inc. to counterclaims.

On March 30, 2015, within thirty days of removal, Caesarea-Millbrook, LLC; Caesarea-Chantilly, LLC; Jackson Health, Inc.; Brobst, Wooldridge, and Muller filed a Response to the Notice of Removal in which they stated that they did not object to removal if the Notice of Removal is amended to demonstrate complete diversity of citizenship of the parties, rather than identifying the residency of the parties.  They did not dispute that complete diversity of citizenship exists.

On April 6, 2015, the court issued an Order for the parties to show cause why Sterling Bank ought not be allowed to file a claim for attorney's fees and expenses out of the interpleaded fund and be discharged from all liability, and why the Motion to Realign and Add Additional Parties ought not be granted.

Service of the Summons and Third-Party Complaint was made on Jackson Hospital & Clinic, Inc.  and Primary Physicians, Inc. f/k/a PriMed Physicians, Inc. on April 14, 2015. (Doc. #15).

In the response to this court's Order to show cause, Caesarea-Chantilly, LLC; Caesarea-Millbrook, LLC; Jackson Health, Inc.; Brobst; Muller; and Wooldridge stated that they do not object to the request by Sterling Bank that it be allowed reasonable attorney's fees and expenses from the interpleaded funds and thereafter be discharged from liability in this case; and agree that the parties are due to be realigned, but request that they be realigned as Defendants, not Plaintiffs.  They contend that the Motion to Add Parties is due to be denied.

On April 21, 2015, Sterling Bank filed a Notice in this court that it had requested that the funds deposited in state court be released to the Clerk of this court. (Doc. #20).

II.             DISCUSSION

As noted above, this case was removed to federal district court on the basis of diversity

jurisdiction.  The non-removing Defendants filed a Response to Removal, which the court

construes as a consent to removal, in which they stated that they do not object to removal, but

pointed out that "residence" rather than "citizenship" had been stated in the Notice of Removal,

stating that this procedural defect is one which should be remedied.  *See Corporate Management*

*Advisors, Inc. v. Artjen Complexus, Inc*., 561 F.3d 1294, 1297 (11th Cir. 2009).

The court concludes that complete diversity of citizenship exists in this case.  If, at a later

point, it should be revealed that the citizenship of the parties is not consistent with their

residency as currently stated in the Notice of Removal, the court will revisit the issue of

jurisdiction at that time.   The court is also persuaded to follow the greater weight of authority

that a violation of 28 U.S.C. 1441(b)(2) is a procedural defect, and is therefore waived if not

raised within 30 days of removal.  *See, e.g., Hurley v. Motor Coach Indus., Inc*., 222 F.3d 377

(7th Cir. 2000) (stating "we join the longstanding line of authority that holds that the forum

defendant rule is nonjurisdictional" so there are "only 30 days to object to removal based on the

presence of" a forum defendant in the case); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249,

1258 (11th Cir. 1999) (noting revised statutory language "suggesting that a removal in violation

of §1441(b) is subject to the 30-day time limit").  The court also finds that the requisite amount

is in controversy.  *See* 28 U.S.C. §1332.

Having established the existence of diversity subject matter jurisdiction, the court finds

that there is apparently no dispute that Sterling Bank is due to be discharged from liability in this

case and be allowed to file a claim for attorney's fees and expenses out of the interpleaded fund.

The next issue before the court is the argument by the non-removing Defendants,

Caesarea-Chantilly, LLC; Caesara-Millbrook, LLC; Jackson Health, Inc.; Brobst; Muller; and

Woodridge, that this court ought not allow the addition of Jackson Hospital and Primary

Physicians, Inc. as parties in the case.  The court recognizes that CD and Herrod's Motion is styled a Motion to Add Parties, but the relief requested is a request to recast the **already-named** Jackson Hospital & Clinic, Inc. and Primary Physicians, Inc. as Counterclaim Defendants, rather than as Third-Party Defendants, as they originally were named in CD and Herrod's Answer. (Doc. #3 at p.1 states that "CD and Herrod asserted claims against Jackson Hospital and PPI as 'third-party claims' in Doc. #2, but believe those claims are correctly described as 'counterclaims' based upon the requested realignment.").   Jackson Hospital & Clinic, Inc. and Primary Physicians, Inc. were named as parties in this case in CD and Herrod's Answer, and have been served.  CD and Herrod are merely seeking to change the designation of the claims against those parties.  Therefore, there is no need for the court to address arguments raised as to whether those parties should be added.

The remaining issue, therefore, is how to realign the parties once Sterling Bank is discharged of its liability in this case.  Federal courts are required to realign the parties in an action to reflect their interests in the litigation. *City of Vestavia Hills v. Gen. Fid. Ins. Co*., 676 F.3d 1310, 1313 (11th Cir. 2012).  Where the parties' interests are the same, those parties must be aligned together. *Id.*

There is apparently no dispute that the interests of Herrod and CD are the same, and that they should be aligned together on the opposite side from all of the other currently-named parties.  As noted, however, CD and Herrod contend that they ought to be aligned as Defendants, while the other currently-named Defendants contend that CD and Herrod should be the Plaintiffs in this case.   Herrod and CD have brought claims, designated as counterclaims and cross-claims, against all of the other parties in the case.  Therefore, because CD and Herrod are parties asserting claims against the other remaining currently-named parties, it appears to the court that

5

CD and Herrod should be realigned as Plaintiffs and all of the other currently-named parties be

aligned as Defendants.  *See, e.g., Holman v. Holman*, No. 5:11cv363, 2014 WL 2548088, at \*2

(N.D. Ala. June 4, 2014) (realigning defendant as plaintiff who asserted a cross-claim against

another originally named defendant in an interpleader action).


### III.     CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. Sterling Bank is discharged in this case and is DISMISSED as Plaintiff.  Sterling Bank

has until **May 8, 2015** to file a claim for attorney's fees and expenses out of the interpleaded

fund.  Counsel for Sterling Bank are DIRECTED to discuss the claim with counsel for the other

parties before filing and to include a statement as to whether they agree or wish to respond in

opposition to the amount.

2.  The Motion to Realign and Add Additional Parties (Doc. #3) is GRANTED to the

extent that Caesarea Development, LLP and Joseph L. Herrod are re-aligned as Plaintiffs and

Caesarea-Chantilly, LLC; Caesarea-Millbrook, LLC; Jackson Health, Inc.; Donald Brobst; A.

Chandler Muller; C. Dennis Wooldridge; Jackson Hospital & Clinic; and Primary Physicians,

Inc. f/k/a PriMed Phyisicians, Inc. are realigned as Defendants in the case.

3.  Caesarea Development, LLP and Joseph L. Herrod are given until **May 22, 2015** to

file an Amended Complaint which is complete unto itself and which alleges the citizenship of

each party in the case, alleges the basis for jurisdiction, states their claim to the control of the

interpleaded funds, i.e., the money from the Sterling Bank accounts of Caesaraea-Chantilly,

LLC, and Caesarea-Millbrook, LLC, and, if they choose to do so, re-pleads the claims which are

currently stated as cross-claims and third-party claims, as claims by the Plaintiffs against the

Defendants.

4.  Caesarea Development, LLP and Joseph L. Herrod are also given until **May 22, 2015**

to file an Amendment to the Notice of Removal which alleges the citizenship, rather than the

residency, of the parties.


DONE this 23rd  day of April, 2015.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE